# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 23, 2019

```
* * * * * * * * * * * * * * * *
TESHA SMITH,                    *        UNPUBLISHED
                               *
                               *
         Petitioner,           *        No. 14-982
                               *
v.                             *        Special Master Dorsey
                               *
SECRETARY OF HEALTH            *        Decision Based on Stipulation;
AND HUMAN SERVICES,            *         Influenza (Flu) Vaccine;
                               *         Guillain-Barré Syndrome ("GBS")
         Respondent.           *
                               *
* * * * * * * * * * * * * * * *
```

Renee J. Gentry, The Law Office of Renee J. Gentry, Washington, DC, for petitioner.
Ryan D. Pyles, US Department of Justice, Washington, DC, for respondent.

### DECISION BASED ON STIPULATION[1]

On October 14, 2014, Tesha Smith ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of an influenza ("flu") vaccine administered to her in February 2012, petitioner suffered from Guillain-Barré Syndrome ("GBS").  Petition at 1.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On October 22, 2019, the parties filed a stipulation recommending an award of compensation to petitioner.  Stipulation (ECF No. 88).  Respondent denies that the flu vaccine caused petitioner to suffer from GBS or any other injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**(1) An amount sufficient to purchase the annuity contract described in paragraph 10, paid to the life insurance company from which the annuity will be purchased;**

**(2) A lump sum payment of $25,338.40, representing compensation for satisfaction of a State of Florida Medicaid lien, payable jointly to petitioner and:**
> **Optum**
> **74 Remittance Drive, Ste 6019**
> **Chicago, IL 60675-6019**
> **Tax ID: 41-1858498**

**Petitioner agrees to endorse this payment to the State and/or State's designee;**

**(3) A lump sum payment of $98,119.60, representing compensation for satisfaction of a State of Florida Medicaid lien, payable jointly to petitioner and:**
> **Agency for Health Care Administration**
> **Florida Medicaid Casualty Recovery Program**
> **P.O. Box 12188**
> **Tallahassee, FL 32317-2188**

**Petitioner agrees to endorse this payment to the State and/or State's designee; and**

**(4) A lump sum of $522, 882.00 in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora B. Dorsey**
Nora B. Dorsey
Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

TESHA SMITH,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 14-982V
Special Master Nora Beth Dorsey
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

    1.  Tesha Smith ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

    2.  Petitioner alleges that she received a flu vaccine in February 2012. On June 2, 2017, the Court ruled that petitioner received a covered flu vaccine "on an unspecified date in February 2012."

    3.  Petitioner alleges that the vaccine was administered within the United States.

    4.  Petitioner alleges that the flu vaccine caused her to develop Guillain-Barré Syndrome ("GBS") and that she experienced residual effects of this injury for more than six months.

    5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6.  Respondent denies that the record is sufficient to establish that petitioner received a flu vaccine in 2012, and denies that the alleged flu vaccination is the cause of petitioner's alleged GBS and/or any other injury.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa 21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a.  An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1]

b.  A lump sum payment of **$25,338.40**, representing compensation for satisfaction of a State of Florida Medicaid lien, payable jointly to petitioner and:

Optum
75 Remittance Drive, Ste. 6019
Chicago, IL 60675-6019
Tax ID: 41-1858498.

Petitioner agrees to endorse this payment to the State and/or the State's designee;

c.  A lump sum payment of **$98,119.60**, representing compensation for satisfaction of a State of Florida Medicaid lien, payable jointly to petitioner and:

Agency for Health Care Administration
Florida Medicaid Casualty Recovery Program
P.O. Box 12188
Tallahassee, FL 32317-2188.

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

Petitioner agrees to endorse this payment to the State and/or the State's designee; and

d. A lump sum of **$522,882.00** in the form of a check payable to petitioner. This amount represents all remaining compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).[2]

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life

Insurance Company will agree to make payments periodically to petitioner for the following

items of compensation:

a. For future medical insurance and medical care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,040.00 to be paid up to the anniversary of the date of judgment in year 2036; then beginning on the anniversary of the date of judgment in year 2036, an annual amount of $2,229.68 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment;

b. For future ancillary services, beginning on the first anniversary of the date of judgment, an annual amount of $1,058.00 to be paid up to the anniversary of the date of judgment in year 2024; then beginning on the anniversary of the date of judgment in year 2024 an annual amount of $98.00 to be paid up to the anniversary of the date of judgment in year 2036; then beginning on the anniversary of the date of judgment in year 2036 an annual amount of $18.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment;

---

[2]  This sum includes $141,882.00 for future life care plan expenses for the first year following the entry of judgment.

c. For future equipment and supplies, beginning on the first anniversary of the date of judgment, an annual amount of $2,370.86 to be paid up to the anniversary of the date of judgment in year 2036; then beginning on the anniversary of the date of judgment in year 2036 a one-time amount of $2,229.70; then beginning on the anniversary of the date of judgment in year 2037 an annual amount of $2,300.11 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment;

d. For future medications, beginning on the first anniversary of the date of judgment, an annual amount of $957.08 to be paid up to the anniversary of the date of judgment in year 2036, then beginning on the anniversary of the date of judgment in year 2036, an annual amount of $911.46 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment;

e. For future attendant care and case management services, beginning on the first anniversary of the date of judgment, an annual amount of $37,100.00 to be paid up to the anniversary of the date of judgment in year 2036; then beginning on the anniversary of the date of judgment in year 2036 an annual amount of $44,100.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment; and

f. For future transportation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,600.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary

4

of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and that they do not guarantee or insure any of the future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13.  Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.  In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine that the Court ruled was administered in February 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about October 14, 2014, in the United States Court of Federal Claims as petition No. 14-982V.

17.  If petitioner should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner received a flu vaccine in 2012, and/or that the alleged flu vaccine caused of petitioner's alleged GBS and/or any other injury.

22.  All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

7

Respectfully submitted,

**PETITIONER:**

TESHA SMITH

**ATTORNEY OF RECORD FOR PETITIONER:**

RENEE J. GENTRY

~~SHOEMAKER, GENTRY & KNICKELBEIN~~
~~9711 Meadowlark Road~~
~~Vienna, Virginia 22182~~
~~(703) 281-6395~~
LAW OFFICE OF RENÉE J. GENTRY
2020 PENNSYLVANIA AVE, NW
#164
WASHINGTON DC 20006

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Ward Sorensen for.

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

RYAN D. PYLES
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated:  10/22/19

8