# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  March 18, 2020)

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| TESHA SMITH, | UNPUBLISHED |
| | No. 14-982V |
| Petitioner, | |
| | Special Master Dorsey |
| v. | |
| | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Renee J. Gentry</u>, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner;
<u>Ryan D. Pyles</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## <u>DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

On October 14, 2014, Tesha Smith ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 to -34 (2012). Petitioner alleged she suffered from Guillain-Barré syndrome as a result of receiving an influenza ("flu") vaccination on February 2012. Petition. (ECF No. 1). On October 22, 2019, the parties filed a Stipulation for award, which the undersigned adopted as her decision awarding compensation on October 23, 2019. Decision, ECF No. 89.

On October 31, 2019, Petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 93) ("Fees App."). Petitioner requests compensation in the amount of $81,220.73, representing $64,844.20 in attorney fees and $16,376.53 in attorney

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs of $5.74 in pursuit of this litigation.  Id. Respondent filed his response on November 8, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" Response. at 2-3, (ECF No. 52). Petitioner did not file a reply thereafter. This matter is now ripe for consideration.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $79,137.72.

## I.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a stipulation, a final award of reasonable attorneys' fees and costs is proper.

### a.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in

relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rate

Petitioner requests the following rates for the work of her counsel: for Mr. Clifford Shoemaker, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019; for Ms. Renee Gentry, $415.00 per hour for work performed in 2016, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2019, and $440.00 per hour for work performed in 2019. Additionally, petitioner requests an hourly rate of $150.00 per hour for Ms. Sabrina Knickelbein, who's work in this case could all be considered to be paralegal. These rates are all consistent with what these individuals have previously been awarded for their Vaccine Program work, and the undersigned finds them reasonable for the instant case as well.

### ii. Reasonable Number of Hours

It is well established that attorneys who bill for paralegal-level work must appropriately reduce their fee. Mostovoy, 2016 WL 720969, at *5. Moreover, the Vaccine Program does not permit billing at any rate for clerical or administrative work, since such tasks "should be considered as normal overhead office costs included in the attorneys' fees rate." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). In the Vaccine Program, administrative work includes such tasks as making travel arrangements, setting up meetings, reviewing invoices, and filing exhibits. Hoskins v. Sec'y of Health & Human Servs., No. 15-071, 2017 U.S. Claims LEXIS 934, at *6-7 (Fed. Cl. Spec. Mstr. July 12, 2017) ("Almost all of the paralegal's time was spent on scanning, paginating, and filing records—clerical activities for which neither an attorney nor a paralegal should charge."); Floyd v. Sec'y of Health & Human Servs., No. 13-556, 2017 U.S. Claims LEXIS 300, at *13-14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome of the tasks performed by paralegals were clerical/secretarial in nature. Examples include . . . filing documents through the CM/ECF system."); Mostovoy, 2016 WL 720969, at *12.

The undersigned has reviewed the submitted billing entries and finds that a small reduction to the hours billed is necessary. First, Mr. Shoemaker billed time for administrative tasks such as handling billing invoices. For these entries, the undersigned will reduce the award of fees by **$500.00**. Second, the undersigned finds the time billed by Ms. Knickelbein to be duplicative. The records indicate that Ms. Knickelbein's only work in this case was to review filings made by respondent and the Court. However, Mr. Shoemaker also billed time for review of these documents. Based upon this, the undersigned finds that it was unnecessary for Ms. Knickelbein to review filings in a case she was not otherwise involved in. Reduction of time billed by Ms. Knickelbein results in a reduction of **$495.00**. Petitioner is therefore awarded final fees of **$63,849.20**.

### b. Attorney Costs

Petitioner requests a total of $16,376.53 in attorneys' costs. This amount is comprised of

acquiring medical records, work performed by The Coordinating Center in preparing a life care plan for petitioner, and photocopies. Fees App. at 23-25. All of these costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation supporting them. The only reduction necessary is for travel time billed by petitioner's life care planner at the full hourly rate. Fees App. at 30. Because the billing does not indicate that case work was being performed while traveling, the undersigned shall compensate this time at one-half the standard rate. This results in a reduction of **$1,093.75**. Accordingly, petitioner is awarded final attorneys' costs of **$15,282.78**.

### c. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs of $5.74 related to this litigation for mailing costs. Petitioner has supported these costs with the necessary documentation, and the undersigned shall award them in full.

## II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $64,844.20 |
| (Reduction to Fees) | - ($995.00) |
| **Total Attorneys' Fees Awarded** | **$63,849.20** |
| | |
| Attorneys' Costs Requested | $16,376.53 |
| (Reduction to Costs) | - ($1,093.75) |
| **Total Attorneys' Costs Awarded** | **$15,282.78** |
| | |
| **Total Attorneys' Fees and Costs** | **$79,131.98** |
| | |
| **Petitioner's Costs** | **$5.74** |
| | |
| **Total Amount Awarded** | **$79,137.72** |

**Accordingly, the undersigned awards the following:**

1) **A lump sum of $79,131.98 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ms. Renee Gentry; and**

2) **A lump sum of $5.74 for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.